UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE AND NORA STIPELCOVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1030** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, Lawrence and Nora Stipelcovich (collectively, "Plaintiffs") (Rec. Doc. 3), in which they claim that the insurance adjustors, Kim Banks ("Banks"), Tonya Thiel ("Thiel") and Janisse Brinkley ("Brinkley"), were not fraudulently joined and that this Court does not have jurisdiction over their case under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").[1] Defendant, State Farm Fire and Casualty Company ("State Farm") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **DENIED.**

---

[1] State Farm Fire and Casualty Company assert that the Court has jurisdiction under the MMTJA. However, this Court finds that the MMTJA does not apply to this case. See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan).

**I. <u>BACKGROUND</u>**

Plaintiffs own the residence located at 130 Stipelcovich Lane, Empire, Louisiana. Plaintiffs procured a homeowner's insurance policy from State Farm, which they claim was covered by Louisiana's Valued Policy Law ("VPL"), La.R.S. § 22:695(A). They allege that this insurance police was in effect on August 29, 2005 when Hurricane Katrina made landfall in Louisiana.

Sometime after the storm, Plaintiffs reported their losses to State Farm and the adjustment process began. Plaintiffs allege that Banks, Thiel and Brinkley acted as the insurance adjustors for their claim.

Plaintiffs were dissatisfied with the handling and adjustment of their insurance claim. As a result, they filed this suit in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana alleging that the insurance adjustors acted in bad faith in adjusting their claim, failed to disclose material information and acted arbitrarily and capriciously in approving payments of policy proceeds to other State Farm assureds with similar damages, while denying them payment. Plaintiffs claim that State Farm, Banks, Thiel and Brinkley are jointly, and severally liable to them. They assert that their property sustained extensive wind and water damage as a result of the hurricane. According to Plaintiffs, covered perils were the proximate causes of their loss, therefore they are entitled to the full value of their insurance policy.

State Farm subsequently removed the action to this court alleging diversity jurisdiction under 28 U.S.C. § 1332 and jurisdiction under the MMTJA, 28 U.S.C. § 1339. The Court erroneously remanded the case on the belief that the jurisdictional amount was not satisfied and

State Farm filed a Second Notice of Removal.[2]  Plaintiffs now move to remand the action.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland*

---

[2] The Court acknowledges that the jurisdictional amount is satisfied.  Plaintiffs allege that they are due the full value of their VPL insurance policy because the loss was proximately caused by a covered peril.  The parties have shown that there is still more than $75,000 that State Farm has not paid out to Plaintiffs under their insurance policy.  See, Rec. Doc. 7.

*Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

In its Second Notice of Removal (Rec. Doc. 1), State Farm claims that the alleged Louisiana defendants, Banks, Thiel and Brinkley, were fraudulently joined so as to defeat removal. Specifically, State Farm claims that Plaintiffs cannot allege any set of facts which

would entitled them to relief from the insurance adjusters.  State Farm reassert these arguments in their oppositions to Plaintiffs' motion to remand. See, Rec. Doc. 7.

Under Louisiana law, an insured has remedies against an insurer (1) for arbitrarily failing to pay the claims of the insured thirty days after the receipt of satisfactory proof of loss and (2) for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured.  LA. REV. STAT. ANN. §§ 22:658 and 22:1220 (West 2006).  Neither of these statutes provide a remedy against an insurance adjustor.  *Nero v. La. Indep. Ins. Agencies, Inc.,* 2003 WL 203146, *2 (E.D.La. 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, *4 (E.D.La 1998).

Furthermore, Plaintiffs cannot establish a cause of action against the insurance adjustors in tort.  Plaintiffs assert that an insurance adjuster has a duty to properly handle the claims which had been delegated to him by the insurer.  However, this Court has previously disagreed with the holding of *Loehn v. Hardin*, 2002 WL 922380, *2 (E.D.La. 2003), finding instead that the duty to properly handle insurance claims is imposed by Louisiana Revised Statute § 22:1220, not by Louisiana Civil Code Article 2315,[3] and that nothing in the statute suggests that the Louisiana Legislature intended that the duties imposed on insurers be relegable to adjustors. See, *Motin v. Travelers Insurance Company, et al,* 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan).  The Court further held that an insurance adjustor does not owe an independent tort duty to the insured. *Id.*  Specifically, the Court found that the plaintiff's allegations that the defendants intentionally acted in bad faith in adjusting her claims did not support a cause of action sounding

---

[3] Louisiana Civil Code article 2315 provides in pertinent part that:
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

in tort.

In the case at bar, the Plaintiffs allege that the insurance adjustors committed intentional acts which harmed them. They claim that the insurance adjustors acted in bad faith, failed to disclose material facts and acted arbitrarily and capriciously. As stated above, an insurance adjustor has no independent tort duty to the insured.

However, as this Court recognized in *Motin*, under some circumstances an adjustor may owe a tort duty to an insured when they adjustor has undertaken such a duty. See also, *Pennison, et. al. v. State Farm Fire and Casualty Co., et. al.*, 2006 WL 3904984 (E.D.La.) (citing, *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.)). Examples of when an adjustor may undertake such a duty "may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjustor, the content of his promises to the claimants, misrepresentations and fraud." *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.) (quoting, *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1 Cir. 1981)). Furthermore, an adjustor has an "obligation to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important decisions about his claim." *Id.* (citing, 46A C.J.S. *Insurance* § 1345(2004)).

Here, Plaintiffs have not alleged any facts upon which it could be supposed that the insurance adjustors assumed a duty to them. Plaintiffs allegations that the adjustors acted in bad faith, failed to disclose material information and acted arbitrarily and capriciously do not establish, if true, that the adjusters assumed a duty to them. Furthermore, there is Plaintiffs'

claim that the adjustors advised them "that perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently [the Plaintiffs] were advised differently," does not support an assumed duty because there is no allegation that the adjustors knew or should have known that Plaintiffs were relying on these representations to make certain decisions about how to proceed with their claim.  Thus, Plaintiffs fail to state a cause of action against the insurance adjustors leading to the conclusion that they were fraudulently joined.[4]

Furthermore, Plaintiffs' procedural argument must fail.  Plaintiffs argue that removal was improper because State Farm did not obtain consent for removal from all of the defendants.  However, the consent of fraudulently joined defendants is not necessary for removal.  See, *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).

---

[4] Other Eastern District of Louisiana decisions support this Court's conclusion: *Nero v. La. Independent Ins. Agencies*, 2003 WL 203145 (E.D.La. 2003); *M&M Towing Co., Inc. v. United Capitol Ins. Co.,* 1998 WL 169694 (E.D.La. 1998); *Rich v. Bud's Boat Rentals*, 1997 WL 785668 (E.D.La. 1997); *S. Hotels Ltd. P'ship v. Transamerica Ins. Group Premier Ins. Co.,* 923 F.Supp. 882, 888 (E.D.La. 1996).

## III. **CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 29th day of March, 2007.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE