UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE AND NORA STIPELCOVICH            CIVIL ACTION

VERSUS                                     NO. 06-1030

STATE FARM FIRE & CASUALTY                 SECTION "C" (1)
COMPANY

ORDER

This matter comes before the Court on motion to strike plaintiffs' request for jury filed by the defendant, State Farm Fire and Casualty Company ("State Farm").  Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiffs originally filed this Katrina-related insurance suit in state court on August 29, 2006, and did not request a trial by jury.  The matter was subsequently removed, remanded, and re-removed to this Court in February 2007.   The plaintiffs first demanded a jury trial on May 24, 2007, on the day of the preliminary pre-trial conference.  (Rec. Doc. 25).

1

In its motion, State Farm argues that the plaintiffs' request for a jury is untimely and because plaintiffs' counsel agreed that the trial would be before the Court without a jury. The plaintiffs argue that they never agreed to proceed without a jury, that the request was not untimely and does not cause prejudice or delay. Neither party cites to the relevant law.

Under Fed. R. Civ. P. 38(b):

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

The Court finds that the plaintiffs' request was clearly untimely for purposes of this motion. As a result, the Court's inquiry is turned to whether it may, in its discretion, permit the untimely request under Fed. R. Civ. P. 39(b).

Rule 39(a) provides:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of an or all issues.

The Court construes the plaintiffs' request for jury as a motion under Rule 39( b), and turns next to consideration of five factors to determine the propriety of ordering a jury

trial:

>   (1) whether the case involves issues which are best tried to a jury;
>   (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>   (3) the degree of prejudice to the adverse party;
>   (4) the length of delay in making the request; and
>   (5) the reason for the delay in making the request.

Daniel International Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990). Because the Seventh Amendment provides a fundamental right to a jury trial in federal court, the court should grant a jury trial "in the absence of strong and compelling reasons to the contrary." Id. ; Swofford v. B & W, Inc., 336 F.2d 406 (5th Cir. 1964). At the same time, the Fifth Circuit has "tempered" this rule when no reason is offered to explain a lengthy delay. Lewis v. Thigpen, 767 F.2d 252, 257 (5th Cir. 1985). "While delay alone does not necessarily support the district court's exercise of discretion against a party's jury trial request, it is considered strongly against the motion when no justification is offered in explanation of a lengthy delay." United States v. Lochamy, 724 F.2d 494, 499 (5th Cir. 1984)(21 month delay). When mere inadvertence is involved, denying a motion under Rule 39(b) is not an abuse of discretion. Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 873 (5th Cir. 1991); Lewis, supra.

Here, the first Daniels factor is neutral. The second factor favors granting the

3

request as trial is not set until March 2008, and no disruption of any schedule has occurred. Likewise, with the trial date over nine months away, the defendant is not prejudiced. While the plaintiffs were tardy in making the request and offers only inadvertence as a justification, the Seventh Amendment right to a jury is compelling.

IT IS ORDERED that the motion to strike plaintiffs' request for jury filed by the defendant, State Farm Fire and Casualty Company is DENIED (Rec. Doc. 27), and the plaintiffs' request for jury is GRANTED (Rec. Doc. 25).

New Orleans, Louisiana, this 21st day of June, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE